**YUN SHAN GAO, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

No. 06–0696–ag.

United States Court of Appeals, Second Circuit.

March 5, 2007.

Stuart Altman, Law Offices of Yu & Associates, PLLC, New York, NY, for Petitioner.

M. Jocelyn Lopez Wright, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL and Hon. SONYA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Yun Shan Gao, a native and citizen of the People's Republic of China, seeks review of a January 27, 2006 order of the BIA affirming, without opinion, the October 12, 2004 decision of immigration judge ("IJ") Adam Opaciuch denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gao, Yun Shan*, No. A97–324–040 (BIA Jan. 27, 2006) *aff'g* A97 324 040 (Immig. Ct. N.Y. City Oct. 12, 2004). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Where (as here) the BIA affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). "When a factual challenge pertains to a credibility finding ... we afford 'particular deference' in applying the substantial evidence stan-

dard, mindful that the law must entrust some official with responsibility to hear an applicant's asylum claim, and the IJ has the unique advantage among all officials involved in the process of having heard directly from the applicant." *Id.* at 73 (*quoting Montero v. INS,* 124 F.3d 381, 386 (2d Cir.1997)) (internal citations omitted).

■ Substantial evidence supports the IJ's adverse credibility finding, including:

(i) The IJ found that Gao's testimony that his mother had been detained by the police (offered for the first time on cross examination) was inconsistent with his asylum application, which indicated that none of his family members had ever been detained by the Chinese authorities. (Although the asylum application was filed prior to when Gao allegedly learned of the detention of his mother, in his subsequent testimony he affirmed the correctness and completeness of the asylum application.) Furthermore, his girlfriend's affidavit included no mention of his mother's detention.

(ii) The IJ found that Gao's submission of an abortion certificate undermined his claim that his girlfriend underwent a forcible abortion; the IJ referred to the U.S. Department of State report which states that such certificates are normally provided pursuant to a voluntary abortion in order that the patient may request two weeks of sick leave. U.S. Department of State, China: Profile of Asylum Claims and Country Conditions 22–23 (June 2004). *See Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006) (observing that the U.S. Department of State country profiles are "probative ... and [that] the profile in this case constituted a basis for the IJ to have found implausible Lin's testimony that

his wife's abortion—as evidenced by the certificate—was involuntary").

Though the IJ may have erroneously relied on certain other evidence in arriving at his adverse credibility determination, because the error-free reasons previously noted do provide sufficient support for the IJ's finding, "we can state with confidence" that remand would be futile. *Xiao Ji Chen v. United States Dep't of Justice,* 471 F.3d 315, 335 (2d Cir.2006).

Gao also failed to present corroborative evidence; and at least some of the evidence he did adduce, as discussed above, was of dubious authenticity. Where "it is reasonable to expect corroborating evidence ... such evidence should be provided or an explanation should be given as to why such information was not presented." *Diallo v. INS,* 232 F.3d 279, 285 (2d Cir. 2000) (internal quotation marks omitted).

■ Gao's withholding of removal claim necessarily fails because he has not met the standards for asylum. *See Zhang,* 386 F.3d at 71. And because Gao does not challenge the denial of relief under the CAT, we deem that claim to have been waived. *See, e.g., Ci Pan v. U.S. Attorney General,* 449 F.3d 408, 414 (2d Cir.2006) (*per curiam*); *Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 545 n. 7 (2d Cir.2005).

For the reasons set forth above, the petition is hereby **DENIED.** Having completed our review, the pending motion for a stay of removal is **DENIED** as moot.